*.JOSEPH NOBLE *versus* SEWARD MERRILL & *als.*
* SEWARD MERRILL & *als.* *versus* JOSEPH NOBLE.

An action upon a judgment cannot be defeated by any defence which might have been made in the suit in which the judgment was recovered.

An assignment of a portion of a judgment by one of the creditors, to a third person, for a valuable consideration, is not a satisfaction of any part of the judgment.

A judgment, after the lapse of twenty years from its recovery, is presumed to be paid; but this presumption may be rebutted by proof.

Under the statutes of 1821, one summoned as the trustee of another was protected against any claim upon him by the principal defendant during the pendency of the trustee suit; and the judgment in that suit was a bar to an action upon such claim by the principal defendant, except for the excess thereof over the amount of the judgment.

But the judgment against the trustee was no discharge of the judgment against the debtor, though, by means of the trustee suit, payment by the trustee to the debtor was prevented, and, by the subsequent insolvency of the trustee, the debt was lost.

Nor was the judgment discharged by the neglect of the creditor to sue out a writ of *scire facias* against the trustee, for twenty years, the trustee continuing insolvent.

Nor could the debtor, after the lapse of twenty years, maintain assumpsit against the creditor for such neglect, it not appearing that the suing out of *scire facias* would have been of any service to the debtor.

ON REPORT by APPLETON, J.

In the first case, (which was DEBT upon a judgment,) after the evidence was out the defendant submitted to a default, upon the agreement, that if the evidence offered, entitled the plaintiff to recover, the default should stand; otherwise, the case should stand for trial.

In the second case, (an action of ASSUMPSIT,) the Court

* These cases were continued from the year 1858, for argument. The opinion was announced in 1861.

were to render a legal judgment upon the pleadings and evidence.

The facts, which are the same in both cases, are stated in the opinion of the Court.

*F. O. J. Smith*, for Merrill and others.

I. The plaintiff's right to control the effects in the hands of the trustee by force of the judgment became *fixed* and *absolute*, and his remedy by *scire facias* was positive. Laws of Maine, c. 61, § 9, (1821,) then in force; *Patterson* v. *Patten, Ex.*, 15 Mass., 474.

II. Upon such *scire facias*, the property of the trustee corporation was attachable to secure payment of the judgment. Laws of Maine, March 11, 1830, c. 46.

III. By these proceedings, and rights absolutely fixed in the plaintiff, defendants were barred thenceforth of all right of action against the trustee for the debt, and the debt became perfectly pledged to the plaintiff as if put in that situation by contract. *Perkins* v. *Parker*, 1 Mass., 117; *Stevens, Adm'r*, v. *Gaylord*, 11 Mass., 265; *Mathews* v. *Houghton*, 11 Maine, 381; *Norris* v. *Hall*, 18 Maine, 335; *Franklin Bank* v. *Bachelder*, 18 Maine, 64; *McAllister* v. *Brooks*, 22 Maine, 80.

IV. This judgment against the trustee was as much a protection against defendant's right of action *before* as *after* such judgment had been paid, and down to the present hour, and until reversed. The cases last cited establish this principle.

V. At the time of the demand of payment on the execution against the trustee, the trustee corporation was solvent, and, by recourse to *scire facias* and an attachment of property, the debt of defendant to plaintiff would have been satisfied. But plaintiff wholly neglected to institute *scire facias* against the trustee.

VI. The corporation subsequently became bankrupt, and the debt due to defendant in the hands of plaintiff has been totally lost to him.

VII. This brings the responsibility of plaintiff within the universally recognized principle that, where a debt is lost by

the inattention of the party having control over and care of it for another, to collect it *when in his power*, he becomes liable for it, *and must sustain the loss himself.*

VIII. The laches of plaintiff for a period of six years after the right of action accrued to defendant against the trustee, lost that right to him, by operation of the statute of limitations. The settlement between defendant and the canal corporation took place August 1, 1829, and six years thereafter barred defendant's right of action upon the indebtedness then admitted. The only remedy against the debtor corporation left, was held by Noble and partners, in their unsatisfied judgment against the corporation.

IX. More than twenty years having elapsed since the right of action accrued to plaintiffs, by *scire facias* upon their judgment against the trustee, their right of action upon such judgment was also barred before the commencement of their present suit against defendant.

X. At time of plaintiff's judgment against the trustee, the goods attached in trustee's hands, were holden *without limitation as to demand.*

XI. That the limitation provided in statutes relating to ordinary processes, are not applicable in the construction of the statute giving the trustee process, is illustrated in the case of *Flower* v. *Perkins & als.*, 3 Mason, 253.

XII. The statute of limitations does not bar the right of the Merrills to recover their suit against Noble, because, until twenty years had expired, after the judgment of Noble against Merrill's trustee, so as to bar revivor of that judgment, the laches of Noble was not so complete, but that he could have tendered the Merrills an assignment of that judgment, and Merrill's right of action, then, did not absolutely accrue until after the expiration of that twenty years, and, at any time within six years after that period, they had a right to bring it, and did not bring it against Noble.

It was a continuous neglect of Noble for the whole twenty years, and, although that neglect may have been sufficient to entitle the Merrills to hold Noble responsible for the canal

debt at an earlier day, yet it was not positively fixed until the termination of the twenty years.

XIII. To recognize any other construction than this claimed for the Merrills, upon the state of facts which the case finds, will operate upon them a loss of the whole indebtedness of the canal corporation, through the laches of Noble, and a payment in addition, to Noble, of his whole debt, from Merrill.

XIV. The debt from the Canal Company to Merrill, being greater than the debt due from Merrill to Noble, the excess lost to Merrill, through Noble's laches, is the sum which the Merrills are entitled to recover, in set-off, by the rendition of cross-judgments.

*Rand,* for Noble.

The opinion of the Court was drawn up by

TENNEY, C. J. — On August 1, 1829, the plaintiff in the suit first above named, with Eleazar Wyer and Joseph M. Gerrish, (the two last named having since deceased,) as partners in trade, under the firm of Wyer, Noble & Co., brought their suit against the present defendants, returnable to the late Court of Common Pleas for the county of Cumberland, begun and holden on the first Tuesday of October, A. D., 1829, and in the same suit, the Cumberland and Oxford Canal Corporation was alleged to be the trustee of the principal defendants, and service of the writ in that suit, having been duly made on all the parties defendant therein, the same was entered in Court, and the principal defendants were defaulted at said term. The trustee disclosed, and was adjudged to be trustee; whereupon an appeal was taken from that adjudication to the Supreme Judicial Court, begun and holden in the county of Cumberland, on the first Tuesday of Nov. 1829, and the appeal was entered in the Court last mentioned, and continued therein from term to term, until the term begun and holden on the first Tuesday of May, A. D., 1831, at which term, the said corporation was adjudged trustee; and judgment was rendered against the principal defendants

for the sum of $486,80, damages, and costs of suit taxed at
$19,23, and execution awarded thereupon against the princi-
pal defendants, their goods and estate within their own hands,
and likewise against their goods, effects and credits in the
hands and possession of said trustee. Execution was issued
accordingly, on July 20, 1831, and put into the hands of an
officer, who, under date of Oct. 21, 1831, returned, that he
had that day demanded of the said corporation, by a call up-
on C. E. Barrett, clerk thereof, to expose and deliver to him
the goods, effects and credits in the possession of said cor-
poration, belonging to the debtors, in said execution, or said
amount in money, which they neglected and refused to do,
and, not being able to find property of the debtors, within
his precinct before the return day of said execution, he re-
turned the same unsatisfied.

The clerk of said corporation, C. E. Barrett, testified, that
on the day of the service of the trustee writ, which was Aug.
1, 1829, the corporation was able to pay the claim of the
plaintiffs in that action, and a part of the sum due from the
trustee was paid to the principal defendants, and a balance
reserved sufficient to satisfy the judgment which might be
recovered in said trustee suit, and the amount so reserv-
ed, has never been paid to any one; that on the day of ser-
vice, the corporation was in funds and for three or four
months afterwards; and, that the trustee writ alone prevent-
ed the payment to the principal defendants of the amount due
from the corporation.

The judgment so obtained, remaining unsatisfied, an action
of debt was brought thereon, in the year 1837, against the
debtors in the judgment, and the same year judgment was
rendered in that suit for the amount of the former judgment,
including interest and costs. And, upon the judgment last
named, being in no part satisfied, this suit was instituted.
The defence is upon the ground, that the original plaintiffs
having omitted to sue out a process of *scire facias*, against
the corporation for the space of twenty years from the time
the first judgment was rendered, and the corporation having

failed to discharge the same by payment, the principal defendants in that suit have lost the amount due from the corporation by means of the institution of the trustee suit.

The implication from the fact, that the corporation was in funds at the time of the service of the trustee process upon it, and so continued for three or four months afterwards, is, that it ceased to be so, subsequently. No evidence is offered and no suggestion made, that a process of *scire facias* against the corporation, instituted at the earliest time that it could be brought, would have been of the least avail. If the judgment, that the corporation was trustee on the disclosure made, was suffered to remain without any effort by *scire facias* to obtain payment, that could not operate as a discharge of that judgment. And the defence is inconsistent with a proposition, that the judgment is presumed to be paid.

The trustee suit was properly commenced; and while it was pending, the corporation ceased to have funds, and for this the plaintiffs in the trustee process were in no wise accountable, notwithstanding it prevented the payment by the corporation to the defendants in that suit. But, if it were otherwise, this defence was waived by them, in suffering judgment to be rendered in the action of debt, commenced in the year 1837, when all the facts now relied upon, were then in existence.

It is insisted by the defendants, that one third part of the judgment against them has been paid to Gerrish, one of the original plaintiffs. It is true, that Gerrish assigned his portion of the judgment to Daniel Green, who paid him therefor. This was not between Gerrish and either of the debtors, and the judgment against the latter was in no part satisfied.

*Default to stand.*

The other suit is a cross-action, so that a judgment, if obtained thereon, can be set off against the judgment sought to be recovered in the action first named, if the defence thereto should fail. The suit in favor of Merrill & al., is as-

sumpsit. The defendant pleads the general issue, and also relies upon the statute of limitations.

As the statute touching foreign attachment was, while the trustee action was pending, the trustee by that judgment was protected against the claim of the principal defendants, provided such claim did not exceed the amount of the judgment. *Matthews* v. *Houghton,* 11 Maine, 377; *Norris* v. *Hall,* 18 Maine, 332. Hence, the defendants were precluded from enforcing their demand against the corporation, so long as that judgment was in force. But, it is insisted by the plaintiffs in the present suit, that, after the lapse of twenty years from the rendition of that judgment, it ceases to be a bar to a suit against the trustee, in favor of the plaintiffs, and the claim, which is the foundation of this action, is not barred by the statute of limitations, and cannot be so barred till six years shall have elapsed from the time such cause of action accrued.

The above view is not sustained by law. The judgment is a bar to the plaintiffs' claim, so long as it stands in force. The lapse of twenty years raises the presumption that it has been discharged. This presumption, however, may be rebutted by proof. But, if the presumption is not dislodged by proof, it affects equally the principal defendant and the trustee in the trustee suit. But the ground taken by the plaintiffs, to sustain this action, is, that this judgment has not been paid or discharged, and so the presumption is overcome. If this is true, and we cannot doubt that it is, the trustee might invoke the judgment in bar, if a suit should be instituted by the plaintiffs in this action.

It is in proof, that the trustee suit was so long pending in Court, that the means of payment by the corporation had ceased before the judgment. This could not be attributed to the fault of either party. The process of foreign attachment was legally open to this defendant and his partners. The plaintiffs cannot, therefore, complain, that it defeated any attempt on their part to obtain payment. The attachment failed, as direct attachments sometimes fail, pending the suit.

This, in the case before us, was the result of the insolvency of the trustee, if such was the condition of the corporation. Nothing presented in evidence furnishes any satisfaction, that the process of *scire facias* could have been serviceable to the plaintiffs, and that the defendant was bound to incur the expense. We think this suit cannot be sustained.

*Plaintiffs nonsuit.*

APPLETON, MAY, GOODENOW, DAVIS and KENT, JJ., concurred.

